**Bruce G. LINDSAY, Individually and as Executor For the Estate of Carolyn S. Lindsay, Plaintiff,**

v.

**NORTHERN VIRGINIA MENTAL HEALTH INSTITUTE, et al., Defendants.**

**Civ. A. No. 89–1779–A.**

United States District Court, E.D. Virginia, Alexandria Division.

May 10, 1990.

---

Elaine C. Bredehoft, Walton & Adams, McLean, Va., for plaintiff.

1. Previous to Lindsay's escape, fifty-six other escapes had occurred through windows in the

Vicki Layman–Jasper, Godard & West, Fairfax, Va., for defendants.

## MEMORANDUM OPINION

CACHERIS, District Judge.

This matter is before the court on defendants', Strange and Mardelli, Motion For Summary Judgment. For the reasons set forth below, the motion is granted.

### I.

On December 21, 1987 plaintiff's decedent, Carolyn S. Lindsay ("Lindsay") was admitted to the Northern Virginia Mental Health Institute ("NVMHI"), a state mental health facility. This action was taken in response to Lindsay's refusal to be treated by a private psychiatrist as well as her refusal to enter a private psychiatric facility. Lindsay's affliction stemmed from her belief that she was suffering from a contagious disease and could not be near other people. Previous to her commission to NVMHI, Lindsay on two occasions had attempted suicide. Within twenty-four hours of entering NVMHI, Lindsay escaped through a window.[1] On February 14, 1988, almost two months after her escape, Lindsay's body was found in a wooded area in Burke, Virginia—the cause of death was determined to be hypothermia.

At all relevant times defendant Robert Strange, M.D. ("Strange") was the Director of NVMHI and President of the medical staff of NVMHI. Defendant Paul Mardelli, M.D. ("Mardelli") was the attending psychiatrist during Lindsay's stay at NVMHI. The plaintiff, Strange and Mardelli are all citizens of the Commonwealth of Virginia.

On December 26, 1989 plaintiff filed a two-count Complaint with this court. Count I alleges violations of 42 U.S.C. § 1983; Count II alleges medical malpractice. As a factual basis for these claims, plaintiff alleges that defendants failed to maintain a safe and secure environment for Mrs. Lindsay—and said failure resulted in her escape and eventual death. The cap-

same unit where Lindsay had been committed.

tion of plaintiff's complaint lists Dr. Strange as "Superintendent, Northern Virginia Mental Health Institute."[2]

On February 23, 1990 Judge Hilton of this court granted a motion to dismiss as to NVMHI and the Commonwealth of Virginia. The motion to dismiss as to Strange and Mardelli was denied. Subsequently, plaintiff agreed that a Virginia state court was the proper forum for his claims against the Commonwealth of Virginia and NVMHI. *See* April 20, 1990 Agreed Order dismissing plaintiff's Complaint as to defendants Commonwealth of Virginia and NVMHI without prejudice.

## II.

Defendants Strange and Mardelli now move for entry of summary judgment in their favor. Defendant Strange contends that summary judgment is appropriate as to him in light of the recent Supreme Court case of *Will v. Michigan Dept. of State Police*, — U.S. —, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Strange asserts that pursuant to the holding of *Will*, Strange, as a state official acting in his official capacity, is not a "person" under § 1983 and is thus not amenable to suit under that section. 42 U.S.C. § 1983 provides, in pertinent part, that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Court in *Will* stated

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... As such, it is no different from a suit against the State itself ... We hold that

neither a State nor its officials acting in their official capacities are "persons" under § 1983. *Will*, 109 S.Ct. at 2311–12.

Strange contends that he at no time had any personal contact with Lindsay, and the gist of plaintiff's complaint against Strange is that he, as the Director of the NVMHI, should have implemented better measures to prevent Lindsay's escape. Strange contends that the complaint focuses on acts he took or should have taken in his official capacity and thus, pursuant to the holding in *Will*, he is not amenable to suit under § 1983.

Defendant Mardelli contends that pursuant to qualified immunity rules established by case law interpreting § 1983 actions as well as pursuant to Virginia sovereign immunity law, his actions are shielded from liability.

Plaintiff contends that both defendants are "persons" under § 1983 and are thus amenable to suit. Regarding Dr. Strange, plaintiff argues that the acts alleged in the Complaint clearly reflect that Dr. Strange was sued both in his individual and official capacities—despite that Strange is named in the caption to the Complaint as "Superintendent" of NVHMI. In the alternative, plaintiff moves to amend his Complaint to name Dr. Strange in his individual capacity. As to Dr. Mardelli, plaintiff contends, and defendants have apparently conceded that he has been named in his individual capacity.

## III.

Summary judgment

should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. The burden is on the moving party to show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979).

---

**2.** Similarly, in a Notice of Claim made pursuant to Virginia law, plaintiff names Dr. Strange as

"Director" of the Northern Virginia Mental Health Institute.

In addition, as to the burden of the non-moving party, the Supreme Court has stated

the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In *Youngberg v. Romeo*, 457 U.S. 307, 102 S.Ct. 2452, 2558, 73 L.Ed.2d 28 (1982), the Supreme Court held that

In the past, this Court has noted that the right to personal security constitutes a 'historic liberty interest' protected substantively by the Due Process Clause. And that right is not extinguished by lawful confinement ... If it is cruel and unusual punishment to hold convicted criminals in unsafe conditions, it must be unconstitutional to confine the involuntarily committed—who may not be punished at all—in unsafe conditions.

The Court in *Youngberg,* therefore, established a cause of action under § 1983 for denying a plaintiff a safe and secure environment while involuntarily committed to a state institution.

The first question facing the court is whether defendants Strange and Mardelli are proper defendants under § 1983? Specifically, are they "persons" as that term appears in § 1983 and how it has been interpreted under the *Will* case? As indicated above, both sides agree that Dr. Mardelli has been named in his individual capacity. The focus as to this point, therefore, is on Dr. Strange.

*Will* holds that a state official acting in his official capacity is not a person under § 1983, for an action naming that official as a defendant is, according to the *Will* Court, an action against the official's posi-tion; and as such is really a suit against the State. The *Will* holding makes clear that both a State and a state official, acting in his or her official capacity, are not "persons" under § 1983 and thus cannot be held liable under § 1983.[3] Courts that have interpreted the reach of the holding in *Will* have focused on the issue of whether a particular state official was acting in his official capacity. The Court in *Rice v. Ohio Dept. of Transportation,* 887 F.2d 716, 719 (6th Cir.1989) stated that

The capacity in which the individual defendants were in fact acting is what matters, not the capacity in which they were sued ...

Plaintiff's complaint is absent of any allegation or reference that Strange was acting in any capacity other than in his official capacity as the Director of NVMHI. Indeed, the Complaint expressly names Strange in his official capacity. More telling, however, is the following language in plaintiff's Complaint:

Strange is officially responsible for enforcing the laws and regulations of the Commonwealth of Virginia, and for the overall supervision and care of patients. Complaint at 4.

■ The Supreme Court in *Celotex* clearly held that the nonmoving party must—through affidavit or otherwise—make a sufficient showing to establish the existence of a genuine issue of material fact. Plaintiff, however, has not made such a showing. The plaintiff requests that the court look beyond the designation in the caption and glean that Dr. Strange has been sued in both his official and individual capacities—or at least allow the plaintiff to amend his complaint to reflect this. The court does not share plaintiff's interpretation of his complaint. The clear language of the complaint—as excerpted above—describes acts of Dr. Strange in his supervisory capacity. Further, at the outset of

---

**3.** The Court in *Will* also makes clear that in suits for injunctive relief under § 1983, a state official acting in his official capacity "would be a person under § 1983 because 'official capacity actions for prospective relief are not treated as actions against the State.'" *Will,* 109 S.Ct. at 2311, n. 10; *quoting Kentucky v. Graham,* 473 U.S. 159, 167, n. 14, 105 S.Ct. 3099, 3106, n. 14, 87 L.Ed.2d 114 (1985). Plaintiff's suit, however, is for money damages and not for injunctive or prospective relief.

this litigation, plaintiff could have named Dr. Strange in both the Complaint and the Notice of Claim in his individual capacity, as well as describing acts committed in this capacity. The court finds it too late and too much of a stop-gap measure to allow plaintiff to now amend his complaint.[4] Accordingly, the motion to amend the complaint is denied.

### IV.

Thus, the court is satisfied that there does not appear to be a genuine issue of material fact as to whether defendant Strange was acting in his official capacity. The court therefore finds that, pursuant to the Supreme Court's holding in *Will v. Michigan Department of State Police*, defendant Strange is not a "person" under 42 U.S.C. § 1983 and is thus not subject to suit under § 1983.

As to defendant Mardelli his actions in this case enjoy qualified immunity. The Supreme Court has stated

> Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).

The key question relating to Mardelli's liability under § 1983 is whether he, as the attending psychiatrist, breached his duty or standard of due care in preventing Lindsay's escape. Deposition testimony of Dr. Gary J. Soverow, an expert in psychiatric medical malpractice cases, indicated that the fifteen-minute checks Mardelli ordered for Mrs. Lindsay were reasonable. Dep. of Soverow at 50. Soverow indicated that these checks were

> more than ... adequate. It was an adequate amount in checks to ensure her safety, given her clinical history. Id.

Plaintiff has not rebutted this assessment. Merely asserting that Mardelli owed a duty to Mrs. Lindsay is not enough—plaintiff must put forth some evidence to indicate a breach of this duty. And this plaintiff has not done. Therefore, under *Mitchell*, there does not appear to be a genuine issue of fact as to whether Mardelli breached his duty or standard of care in this case, for § 1983 purposes.

Accordingly, Defendants', Mardelli and Strange, Motion For Summary Judgment is granted.

Because the parties are all citizens of the Commonwealth of Virginia, and with § 1983 no longer available to the plaintiff, the court finds that it no longer has subject matter jurisdiction over this action. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, plaintiff's state law claims are dismissed without prejudice, to be properly pursued in a state court action.

### ORDER

In accordance with the accompanying Memorandum Opinion, it is accordingly ORDERED:

(1) that the defendants' Motion for Summary Judgment is GRANTED as to Count I (Violation of Civil Rights), and the plaintiff's Complaint is DISMISSED with prejudice as to defendants Robert Strange, M.D. and Paul Mardelli, M.D.;

(2) that Count II, plaintiff's Complaint alleging medical malpractice, is DISMISSED without prejudice.

---

**4.** Trial in this action is to begin on June 13, 1990. Furthermore, the discovery deadline has since passed.